**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Linda Reuter, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  1:22-cv-1052 |
| ) | |
| DNF Associates, LLC, a Delaware ) | |
| limited liability company, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Linda Reuter, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.  Moreover, Defendant's business dealings here make it subject to this Court's general jurisdiction.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3.     Plaintiff, Linda Reuter ("Reuter"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a Carson Pirie Scott/Comenity Bank credit card account, despite the fact that she had exercised her rights to refuse to pay the debt and to be represented by the

1

legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, DNF Associates, LLC ("DNF"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. DNF operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant DNF is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant DNF's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant DNF is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached at Exhibit A. In fact, Defendant conducts business in Illinois.

<h3 style="text-align:center">FACTUAL ALLEGATIONS</h3>

7. Ms. Reuter is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Carson Pirie Scott/Comenity Bank ("Comenity") credit card account. In response to her financial problems, Ms. Reuter sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her debt problems, including the Comenity

debt.

8. Accordingly, on September 24, 2019, one of Ms. Reuter's legal aid attorneys informed Comenity that Ms. Reuter was represented by counsel and directed Comenity to cease contacting her and to cease all further collection activities because Ms. Reuter was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter and fax confirmation are attached at Exhibit B.

9. Thereafter, Defendant bought/obtained Ms. Reuter's alleged Comenity account and had another debt collector, Improved Data Services, directly call Ms. Reuter, including, but not limited to a telephone call on March 19, 2021, from telephone number 855-528-7585, regarding payment of the Comenity debt.

10. Accordingly, on March 19, 2021, Ms. Reuter's legal aid attorneys confirmed to Defendant that they represented Ms. Reuter, that she refused to pay, and that Defendant should cease communications. A copy of this letter and fax confirmation are attached at Exhibit C.

11. Nonetheless, Defendant had another debt collector, Atlantic Recovery Solutions, directly call Ms. Reuter, including, but not limited to, a telephone call on June 28, 2021, from telephone number 888-827-3602, regarding payment of the Comenity debt.

12. Accordingly, on June 28, 2021, Ms. Reuter's legal aid attorneys had to again inform Defendant, in writing, that they represented Ms. Reuter, that she refused to pay the debt and that Defendant should cease communications. A copy of this letter and fax confirmation are attached at Exhibit D.

13. Undeterred, Defendant had another debt collector, Blitt and Gaines, send

directly to Ms. Reuter a collection letter dated January 18, 2022, demanding payment of the Comenity debt. A copy of this letter is attached at Exhibit E.

14. Accordingly, on February 22, 2022, Ms. Reuter's legal aid attorneys had to inform Defendant, in writing yet again, that they represented Ms. Reuter, that she refused to pay the debt and that Defendant should cease communications. A copy of this letter and fax confirmation are attached at Exhibit F.

15. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## ARTICLE III STANDING

17. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a) (Abusive Practices)(emphasis added).

18. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

19. Moreover, Defendant continued direct collection actions invaded Plaintiff's right to counsel and were a direct invasion of Ms. Reuter's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA. See, e.g., Persinger v. Southwest Credit Systems, L.P., 20 F.4th 1184 (7th Cir. 2021) and Lupia v. Medicredit, Inc., 8 F.4th 1184 (10th Cir. 2021).

20. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Reuter and cost her out-of-pocket expenses.

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

23. Here, the letters from Plaintiff's attorneys to Defendant's predecessor-in-interest and directly to Defendant's debt collectors told Defendant to cease communications and cease collections. By directly communicating with Plaintiff regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA

24. Defendant's violations of § 1692c(c) of the FDCPA render it liable for

actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

25. Plaintiff adopts and realleges ¶¶ 1-20.

26. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

27. Defendant knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys had given notice in writing, to Defendant's predecessor-in-interest and directly to Defendant's debt collectors, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff.  By directly writing and calling Plaintiff to collect the debt, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

28. Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Linda Reuter, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Reuter, and against Defendant, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Linda Reuter, demands trial by jury.

Linda Reuter,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: February 28, 2022

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Savannah R. Theil  (Ill. Bar No. 06339745)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
savannah@philippslegal.com